THE STATE OF OHIO, APPELLANT, *v.* FISHACK, APPELLEE.

(No. 4330—Decided December 20, 1948.)

*Mr. Joel S. Rhinefort,* prosecuting attorney, and *Mr. John J. McCarthy,* for appellant.
*Mr. Jesse S. Heslip,* for appellee.

CARPENTER, J. In the Municipal Court of Toledo, the defendant was convicted and sentenced on a charge of petit larceny. He filed a notice of appeal on questions of law to the Court of Common Pleas of Lucas county. That court reversed the conviction and discharged the defendant. From that judgment, the state appealed to this court on questions of law, and assigns as error that the defendant's notice of appeal to the Common Pleas Court was not filed in time to give that court jurisdiction.

The record shows that defendant's motion for a new trial was overruled and he was sentenced February 7, 1948. On March 20, 1948, his notice of appeal was filed.

Section 1579-307, General Code, a part of the Toledo Municipal Court Act, provides that appeals on questions of law from that court "in both civil and criminal cases may be prosecuted to the Court of Common Pleas of Lucas county * * * in the same manner and under the same conditions * * * as provided by law for appeals on questions of law from the Court of Common Pleas to the Court of Appeals."

Section 13459-4, General Code, says that in that procedure an "appeal * * * may be filed as a matter of right within thirty days after sentence and judgment"; after thirty days, "only by leave of the court or two of the judges thereof."

No such leave is shown by this record.

Forty-one days having intervened between the sentence and the notice of appeal, it was too late and the Common Pleas Court, for want of jurisdiction, should have dismissed the appeal. Such being the state of the record, the judgment of reversal must be set aside and the cause remanded to the Municipal Court for execution of sentence.

*Judgment reversed and cause remanded.*

Conn and Fess, JJ., concur.